UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. PETERSON,

                              Petitioner,

        v.

STATE OF WASHINGTON, *et al.*,

                              Respondents.

Case No. C20-1074-BJR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

        Petitioner Michael Peterson is a state prisoner who is currently confined at the Monroe Correctional Complex in Monroe, Washington.  He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2005 judgment and sentence of the King County Superior Court.  Petitioner has previously filed at least one other federal habeas petition relating to the same judgment.  This Court, having reviewed the petition filed in this matter, and the prior petition filed by petitioner, concludes that the instant petition is a second or successive petition over which this Court lacks jurisdiction, and that the petition should therefore be dismissed.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

In September 2005, petitioner was found guilty, following a bench trial, on five counts of robbery in the first degree. *See* Dkt. 4-1 at 2-10. Petitioner was thereafter sentenced under the Persistent Offender Accountability Act to a term of life in prison without the possibility of parole. *See id.* Petitioner appealed his conviction and sentence to the Washington Court of Appeals, and that court issued an unpublished opinion affirming the conviction and sentence in March 2007. *See id.* at 20. The Washington Supreme Court denied petitioner's subsequent petition for review, and the Court of Appeals issued a mandate terminating direct review in May 2008. *Id.* Shortly thereafter, a petition for writ of habeas corpus was filed on petitioner's behalf in Walla Walla County Superior Court. *Id.* The petition was transferred to the Washington Court of Appeals for consideration as a personal restraint petition, and that court dismissed the petition in July 2008. *Id.* at 20-12. Petitioner sought review in the Washington Supreme Court, and that court denied review in November 2008. *Id.* at 22-23.

In May 2009, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Washington challenging his 2005 King County Superior Court judgment and sentence. *See Peterson v. McKenna*, C09-786-TSZ, Dkt. 1 at 1. The petition was transferred to this district for resolution and was ultimately dismissed with prejudice in March 2011. *See id.*, Dkts. 13, 15, 25. Petitioner thereafter unsuccessfully sought collateral review in the state courts in 2013 and again in 2016. *See* Dkt. 4-1 at 24-31.

Petitioner now once again seeks federal habeas review of his 2005 King County Superior Court judgment and sentence, arguing that the sentence imposed in that case violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the fact that petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed

REPORT AND RECOMMENDATION
PAGE - 2

with prejudice renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. §2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

The Court notes as well that even if petitioner were able to overcome the successive petition bar, it appears that the instant petition is likely time-barred as well. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period starts to run from "the date on which the judgment of conviction becomes final." *Id*. Petitioner's conviction became final in 2008 following the conclusion of direct review. Nothing in the record suggests that petitioner would be entitled to any tolling of the limitations period sufficient to render the instant petition timely.

<u>Certificate of Appealability</u>

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to the claim asserted in his petition for writ of habeas

REPORT AND RECOMMENDATION
PAGE - 3

corpus.

CONCLUSION

Based on the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 18, 2020**.

DATED this 24th day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4